Amended and superseding judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered October 25, 2011, awarding petitioners the total amount of $339,698.94, unanimously affirmed, without costs. Appeal from order and judgment (one paper), same court and Justice, entered June 20, 2011, unanimously dismissed, without costs, as moot.
The arbitration panel did not exceed its powers or violate a strong and well defined public policy by awarding attorneys’ fees (see Matter of Goldberg v Thelen Reid Brown Raysman & Steiner LLP, 52 AD3d 392 [2008], lv denied 11 NY3d 749 [2008]). The record reflects that the parties consented to the arbitration panel’s consideration of an award of attorneys’ fees in their pleadings and in agreeing to the application of rules that permitted such an award (see Matter of Warner Bros. Records [PPX Enters.], 7 AD3d 330, 330-331 [2004]). Respondent reiterated its demand for attorneys’ fees during the hearing, thereby acknowledging the power of the panel to award fees, in contrast to the actions of the litigants in Matter of Matza v Oshman, Helfenstein & Matza (33 AD3d 493 [2006]) and Matter of Stewart Tabori & Chang (Stewart) (282 AD2d 385 [2001], lv denied 96 NY2d 718 [2001]). Moreover, respondent did not attempt to withdraw its consent until its closing statement at the conclusion of the proceedings, which spanned more than two years, when it was apparent that the arbitration panel was likely to award petitioner attorneys’ fees incurred in connection with the claim that respondent withdrew. Concur — Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ.